# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 03-338** |
| **MELVIN LUTCHER, SR.** | **SECTION "I"** |

## ORDER AND REASONS

On March 7, 2012, after considering a motion for a sentence reduction filed by the defendant, Melvin Lutcher, Sr. ("Lutcher"), this Court reduced Lutcher's sentence from 293 to 240 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2).[1] Now before the Court is a motion[2] for reconsideration of that order. Lutcher advances several arguments with respect to why the Court should have reduced his sentence to a term of imprisonment below the mandatory minimum penalty of 240 months applicable in his case. For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

On October 30, 2003, Lutcher and others were charged in an eleven-count indictment returned in the Eastern District of Louisiana. Lutcher was charged in two of those counts. Count one charged Lutcher with conspiracy to possess with intent to distribute 50 grams or more of cocaine base ("crack") and quantities of cocaine hydrochloride ("cocaine powder"), in violation of 21 U.S.C. §§ 846 and 841. Count nine charged Lutcher with use of a communications facility

---

[1] R. Doc. No. 491.
[2] R. Doc. Nos. 492 and 496. The Court notes that it replaced the pages in Lutcher's original motion (R. Doc. No. 492) as requested by his March 26, 2012 "petition to amend pending motion for reconsideration" (R. Doc. No. 496).

in committing, causing, and facilitating the commission of the conspiracy, in violation of 21 U.S.C. § 843(b).

Jury trial commenced on October 12, 2004. The jury returned a verdict on October 14, 2004, finding Lutcher guilty of conspiracy to possess with intent to distribute 50 grams or more of crack and guilty of the unlawful use of a communications facility. The jury also found that the conspiracy did not involve cocaine powder, as charged in the indictment.

On February 16, 2005, this Court sentenced Lutcher to concurrent sentences 293 months' imprisonment for the conspiracy count and 48 months' imprisonment on the communications facility count. The U.S. Court of Appeals for the Fifth Circuit affirmed this Court's judgment on June 6, 2006.[3]

Lutcher filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 arguing that he received ineffective assistance of trial and appellate counsel. This Court denied the motion with prejudice and declined to issue a certificate of appealability.[4] The Fifth Circuit also declined to issue a certificate of appealability because it found that he failed to make "a substantial showing of the denial of a constitutional right."[5]

Lutcher subsequently moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 promulgated by the U.S. Sentencing Commission. The Court denied the motion and Lutcher appealed.[6] The Fifth Circuit affirmed the Court's order.[7] Lutcher then filed

---

[3] *See* R. Doc. No. 428, pp. 1-3.
[4] R. Doc. Nos. 428 and 441.
[5] R. Doc. No. 455, p. 2.
[6] R. Doc. Nos. 375, 396 and 397.
[7] R. Doc. No. 456.

a motion asking this Court to reconsider its decision. This Court declined to do so, Lutcher appealed the Court's order and the Fifth Circuit dismissed the appeal as frivolous.[8]

Following Lutcher's first motion to reduce his sentence, Congress passed the Fair Sentencing Act of 2010 ("FSA"). The FSA reduced the sentencing disparity between cocaine powder and crack from 100:1 to 18:1 and the U.S. Sentencing Commission promulgated Amendment 750 to implement the FSA. As of November 1, 2011, offenders could request retroactive relief pursuant to Amendment 750.

Lutcher filed a motion to reduce his sentence on November 10, 2011.[9] The Court found that, as a result of the amendments to the guidelines, Lutcher's amended total offense level was 32 and that his criminal history category was III, resulting in an amended guideline range of 151 to 188 months. The Court noted Lutcher's new guideline range qualified him for a sentence reduction, but observed that the mandatory minimum penalty of 240 months' imprisonment prevented the Court from sentencing Lutcher to any term less than 240 months. Consequently, the Court reduced Lutcher's sentence from 293 to 240 months' imprisonment.

Lutcher argues, in essence, that the Court erred because the correct calculation[10] of his amended total offense level and criminal history category "would garner a sentence of only 70-87 months of imprisonment."[11] Lutcher contends that he should have been sentenced accordingly.

---

[8] R. Doc. No. 474.
[9] R. Doc. No. 476.
[10] Lutcher maintains that, as a result of Amendment 750, his amended total offense level is 26 and his criminal history category is II.
[11] R. Doc. No. 492, p. 2.

*LAW AND ANALYSIS*

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). A motion for reconsideration filed within twenty-eight days of the district court's judgment will be recharacterized as a motion to alter or amend the judgment and it will be construed pursuant to Rule 59(e). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004).[12] A motion for reconsideration filed more than twenty-eight days after the judgment is treated as a Rule 60(b) motion for relief from judgment. *Id.* Lutcher filed his motion on March 22, 2012, within twenty-eight days of the Court's March 7, 2012 order. Consequently, this Court finds that a Rule 59(e) analysis is appropriate.[13]

A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc). The Court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). "A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or

---

[12] The ten-day time limit referred to in *Shepherd* was extended to twenty-eight days when the Federal Rules of Civil Procedure were amended in 2009. *See* Fed. R. Civ. Proc. 59(e).

[13] A Rule 59(e) analysis is more generous to the party seeking relief as it saves the motion from the "exacting substantive requirements" of Rule 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-74 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc).

fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." *Jupiter v. BellSouth Telecomm., Inc.*, 1999 WL 796218, at *1 (E.D. La., Oct. 5, 1999) (Vance, J.).

Lutcher presents four arguments why the Court should reconsider its order: (1) the Court erred in calculating the total drug weight for which Lutcher may be held responsible; (2) the Court improperly enhanced his sentence pursuant to 21 U.S.C. § 851; (3) the Court failed to provide Lutcher with notice of his "newly prepared PSR"[14] and an opportunity to be heard before ruling on his motion to reduce his sentence; and (4) the mandatory minimum penalties set forth in the FSA are retroactive. Each argument lacks merit.

Lutcher may not raise his first two arguments in this motion to reconsider as he has already done so. Both this Court and the Fifth Circuit previously considered and rejected such arguments.

With respect to Lutcher's third argument, he contends that the Court erred because U.S. Probation allegedly prepared a new PSR addendum in response to his § 3582(c)(2) motion and the Court allegedly refused to provide such addendum to Lutcher. Consequently, Lutcher argues that he could not timely object to its contents. Lutcher cites *United States v. Mueller*, 168 F.3d 186 (5th Cir. 1999), for the proposition that:

> A district court certainly has the discretion to consider a PSR addendum in resolving a § 3582(c)(2) motion if it determines that such an addendum would be helpful. However, a defendant must have notice of the contents of the addendum and notice that the court is considering it such that he will have the opportunity to respond to or contest it.

---
[14] Presentence Investigation Report ("PSR") prepared by the U.S. Probation office.

*Id.* at 189.

U.S. Probation did not prepare a new PSR addendum and the Court did not consider any new evidence at the time it considered Lutcher's original motion. Rather, the Court originally found Lutcher responsible for more than 500 grams but less than 1.5 kilograms of crack and when resolving Lutcher's motion, it recalculated his amended total offense level based on these amounts pursuant to the recent amendments to the U.S. Sentencing Guidelines. Under these new guidelines, Lutcher's amended total offense level would be 32, rather than 36. Lutcher's third argument is without merit.

Fourth, Lutcher argues that the mandatory minimum penalties set forth in the FSA are retroactive. Although Lutcher is correct that the FSA increased the quantity of drugs required to trigger certain mandatory minimum sentences, the Fifth Circuit has held that the mandatory minimum penalties established by the FSA are not retroactive. *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011) ("[T]he Savings Statute, 1 U.S.C. § 109, provides that the reduction of any criminal sentence will not apply retroactively unless the relevant act expressly so states. The Fair Sentencing Act does not so state, so it does not apply retroactively."). This Court is bound by the Fifth Circuit's pronouncement in *Doggins* and, consequently, even if it would agree to do so, a finding this Court does not make, it does not have the authority to reduce Lutcher's sentence below 240 months. Lutcher's fourth argument is without merit.

## *CONCLUSION*

Lutcher has failed to demonstrate that the Court based its decision upon a manifest error of law or fact, he has not presented any new evidence, he has not shown how reconsideration

would prevent a manifest injustice, and he has not identified an intervening change in the controlling law. *Jupiter*, 1999 WL 796218, at *1.

Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, June 1, 2012.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**