UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 03-338 |
| MELVIN LUTCHER | SECTION I |

### ORDER AND REASONS

Before the Court is a motion[1] for reconsideration filed by defendant, Melvin Lutcher, asking this Court to reconsider its prior decision[2] to deny him leave to file a request for permission to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3)(A).[3] The Court denies Mr. Lutcher's motion for reconsideration.

Mr. Lutcher argues that the Court erred in determining that his petition would be a second or successive petition. While Mr. Lutcher is correct that "a prisoner's application is not second or successive simply because it follows an earlier federal petition," *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998), Mr. Lutcher is incorrect that *his* petition is not a second or successive petition. In particular, Mr. Lutcher's challenge is his second habeas challenge "attacking the validity of his conviction or sentence," *id.* at 236, and accordingly is a second or successive petition. Mr. Lutcher

---

[1] R. Doc. No. 632.
[2] R. Doc. No. 631.
[3] This unusual procedural posture is a result of a prior sanctions order by the Fifth Circuit that requires Mr. Lutcher to petition a district court for permission to file a second or successive habeas petition. *See United States v. Lutcher*, No. 14-30354, at 3 (5th Cir. 2014).

cannot show entitlement to file a second or successive petition under 28 U.S.C. § 2244(b)(2).[4]

Accordingly,

**IT IS ORDERED** that the motion for reconsideration is **DENIED.**

New Orleans, Louisiana, September 27, 2016

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[4] Mr. Lutcher's motion for reconsideration raises *Alleyne v. United States*, 133 S. Ct. 2151 (2013), as the new rule of constitutional law that is retroactively applicable to cases on collateral review, but the Fifth Circuit has rejected that argument. *See In re Kemper*, 735 F.3d 211 (5th Cir. 2013).