UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                              No. 03-338

MELVIN LUTCHER                                     SECTION I

### ORDER AND REASONS

Before the Court is the second motion[1] for reconsideration filed by defendant, Melvin Lutcher, asking this Court to reconsider its prior two decisions[2] to deny him leave to file a request for permission to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3)(A).[3]

Mr. Lutcher argues that this Court's previous order erred because the Court incorrectly read his briefs to suggest that Mr. Lutcher was relying on *Alleyne v. United States*. Instead, Mr. Lutcher's motion clarifies that he was relying on *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016).

*Montgomery* held that *Miller v. Alabama* set out a substantive rule of constitutional law that was retroactive to cases on collateral review. 136 S. Ct. at 736. However, *Miller* dealt with the Eighth Amendment implications of sentencing juvenile offenders to life without parole. *See* 132 S. Ct. 2455 (2012). Mr. Lutcher was

---

[1] R. Doc. No. 634.
[2] R. Doc. No. 631; R. Doc. No. 633.
[3] This unusual procedural posture is a result of a prior sanctions order by the Fifth Circuit that requires Mr. Lutcher to petition a district court for permission to file a second or successive habeas petition. *See United States v. Lutcher*, No. 14-30354, at 3 (5th Cir. 2014).

not a juvenile when he was sentenced.  As such, neither *Montgomery* nor *Miller* is relevant to the legality of Mr. Lutcher's confinement, and those cases cannot justify a second or successive petition.

Accordingly,

**IT IS ORDERED** that the second motion for reconsideration is **DENIED.**


New Orleans, Louisiana, October 11, 2016

                                             LANCE M. AFRICK
                                 **UNITED STATES DISTRICT JUDGE**