**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA                        CRIMINAL ACTION

VERSUS                                                              No. 03-338

MELVIN LUTCHER                                                SECTION I

## ORDER & REASONS

Defendant Melvin Lutcher, Sr. ("Lutcher") has filed a motion[1] for a sentence reduction pursuant to Section 404 of the First Step Act, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"). The government opposes the motion[2] based on a contestation of eligibility. The Court finds that Lutcher is eligible under the First Step Act for a reduction in his sentence and concludes that his sentence should be reduced to time served and a ten-year period of supervised release.

## I.

In October 2003, Melvin Lutcher was charged in two counts of an eleven-count indictment filed against him and seven codefendants involved in a drug trafficking conspiracy and other crimes. Count one charged Lutcher with conspiracy to possess with intent to distribute fifty grams or more of cocaine base ("crack") and quantities of cocaine hydrochloride ("cocaine powder"), in violation of 21 U.S.C. §§ 841 and 846.[3] Count nine charged him with the unlawful use of a communications facility in

---

[1] R. Doc. No. 671.
[2] R. Doc. No. 677.
[3] R. Doc. No. 1

connection with the conspiracy, in violation of 21 U.S.C. § 843(b).[4] A jury found Lutcher guilty on both counts, though it found that the conspiracy involved only crack cocaine and not cocaine powder.[5]

In February 2005, this Court sentenced Lutcher to a term of 293 months' imprisonment for the conspiracy offense and 48 months' imprisonment for the communications facility offense, to be served concurrently.[6] Lutcher appealed, and the U.S. Court of Appeals for the Fifth Circuit affirmed this Court's judgment.[7] Lutcher then moved to vacate his sentence pursuant to 28 U.S.C. § 2255, which this Court denied with prejudice.[8] The Fifth Circuit once again affirmed this Court's judgment.[9] In 2008, Lutcher filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 promulgated by the U.S. Sentencing Commission.[10] This Court denied the motion, and the Fifth Circuit affirmed.[11]

After the enactment of the Fair Sentencing Act in 2010, Lutcher filed a motion to reduce his sentence pursuant to Amendment 750 promulgated by the U.S. Sentencing Commission.[12] This Court granted the motion and reduced Lutcher's

---

[4] *Id.*
[5] R. Doc. No. 241, at 5–10.
[6] R. Doc. No. 256.
[7] R. Doc. No. 303.
[8] R. Doc. Nos. 428 and 441.
[9] R. Doc. No. 455.
[10] R. Doc. No. 375.
[11] R. Doc. Nos. 396 and 397.
[12] R. Doc. No. 476.

sentence as to count one to the mandatory minimum term of 240 months.[13] Lutcher continued to contest his sentence, and in 2015, this Court denied Lutcher's motion for an additional sentence reduction under Amendment 782 because of the mandatory minimum.[14] Lutcher appealed the denial, but the Fifth Circuit dismissed his appeal as frivolous.[15]

Most recently, Lutcher has moved for a sentence reduction pursuant to Section 404 of the First Step Act.

## II.

Section 404 of the First Step Act makes retroactive certain sections of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act") and grants federal district courts discretion to impose a reduced sentence for eligible defendants. Under Section 404(b), courts may reduce a defendant's sentence for a "covered offense," which the law defines as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010...that was committed before August 3, 2010," the date that the Fair Sentencing Act became effective. Pub. L. 115-391, 132 Stat. 5194. Of relevance to Lutcher's motion, section 2 of the Fair Sentencing Act increased the quantity of crack cocaine that triggers mandatory minimum penalties: from five grams to twenty-eight grams for a mandatory five-year minimum term and forty-year

---

[13] R. Doc. No. 491. The Court found that under the amended guidelines, Lutcher's new guideline range would be 151 to 188 months, but the mandatory minimum penalty precluded the Court from considering a sentence less than 240 months.
[14] R. Doc. No. 610.
[15] R. Doc. No. 629.

maximum term, and from fifty grams to 280 grams for a mandatory ten-year minimum term and maximum term of life imprisonment.[16] If the defendant is eligible,[17] the court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010...were in effect at the time the **covered offense** was committed." *Id.* (emphasis added). However, courts are not required to reduce any sentence for eligible defendants. *Id.*

The parties contest Lutcher's eligibility for a sentence reduction based on the definition of a "covered offense." The government argues that Lutcher is ineligible because the offense for which he was sentenced does not qualify as a "covered offense" based on the amount of drugs attributed to him at sentencing.[18] According to the government, Lutcher's statutory penalty for the crack cocaine offense remains unaffected by the Fair Sentencing Act because the quantity of crack involved in the conspiracy—allegedly 500 grams—exceeds the threshold quantity of 280 grams that triggers the mandatory minimum sentence that Lutcher is currently serving.[19] Thus, the government claims, Lutcher would have faced the same statutory penalties before

---

[16] 18 U.S.C. § 841(b).

[17] The other eligibility requirements under Section 404, which the parties do not contest here, are that: 1) the defendant's sentence was not "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010"; and 2) a previous motion for a sentence reduction made after the enactment of the First Step Act was not previously denied. Pub. L. 115-391, 132 Stat. 5194.

[18] R. Doc. No. 677, at 6.

[19] *Id.*

and after the Fair Sentencing Act was enacted, making him ineligible for a sentence reduction.[20]

Lutcher asserts that his eligibility for a sentence reduction under the First Step Act should be determined based on the offense for which he was charged and convicted, not the drug quantity attributed to him at sentencing. The jury found Lutcher guilty of a conspiracy involving fifty grams or more of crack cocaine, which at the time of his sentencing triggered a ten-year mandatory minimum sentence and a maximum life sentence under 21 U.S.C. § 841(b)(1)(A). Retroactively applying the Fair Sentencing Act, which increased from fifty grams to 280 grams the quantity of crack cocaine necessary to trigger § 841(b)(1)(A)'s mandatory minimum and maximum penalties, Lutcher's conviction for fifty grams triggers instead a five-year mandatory minimum sentence and forty-year maximum sentence.[21] Accordingly, Lutcher argues that his offense is "covered" under the First Step Act because the Fair Sentencing Act modified the statutory penalties for his "violation of a Federal criminal statute." The "violation" at issue here, according to Lutcher, is the conspiracy involving fifty grams or more of crack cocaine under 21 U.S.C. § 841(b)(1)(A), the penalty for such violating having been modified by the Fair Sentencing Act.

As stated, count one of the indictment, of which the jury found Lutcher guilty, charged him with a conspiracy to possess with intent to distribute fifty grams or more

---

[20] *Id.*

[21] Lutcher was also billed with a qualifying prior conviction under 21 U.S.C. § 851, which, as he acknowledges, increases his mandatory minimum sentence to ten years. *See* R. Doc. No. 679, at 16.

of crack cocaine.[22] The government argues that the determination of whether an offense is "covered" by the First Step Act should center on the quantity of crack involved in the offense, rather than the quantity charged in the indictment and found by the jury.[23] The government urges the Court to look beyond the indictment and examine "the present case record" to determine the amount of crack cocaine involved in the offense and its corresponding statutory penalty.[24] In support, the government cites the presentence investigation report, which this Court adopted at sentencing, for its assertion that the conspiracy involved between 500 grams and 1.5 kilograms of crack cocaine.[25]

The government further argues that had the 280 gram threshold of the Fair Sentencing Act been in place when Lutcher committed the offense, the government "could have charged and proved that Lutcher was responsible for at least that amount."[26] But because the ten-year mandatory minimum at the time was triggered

---

[22] R. Doc. No. 241, at 2.

[23] R. Doc. No. 677, at 6.

[24] R. Doc. No. 677, at 6.

[25] *Id.*; *see* PSR ¶ 46. The government also argues that the Court may engage in judicial fact-finding based on the record to determine the relevant drug quantity for a sentencing reduction under 18 U.S.C. § 3582(c)(2). *See* R. Doc. No. 677, at 11. But this argument is inapposite because the Court finds that a motion for a sentence reduction under the First Step Act is brought under 18 U.S.C. § 3582(c)(1)(B). The applicable sentencing range was lowered by statute, not by the U.S. Sentencing Commission *See United States v. Martinez*, No. 04-CR-48-20, 2019 WL 2433660, at *3 (S.D.N.Y. June 11, 2019) ("[S]ection 404 motions are most naturally interpreted as motions brought under § 3582(c)(1)(B).").

[26] R. Doc. No. 677, at 7.

by only fifty grams, the government contends that "there was no need for the government to ever charge, and for the jury to ever find" a higher threshold amount.[27]

The government's arguments are unavailing and inconsistent with the decisions of the vast majority of courts that have addressed this issue. *See United States v. Burke*, No. 2:08-CR-63(1), 2019 WL 2863403, at *2 (E.D. Tenn. July 2, 2019) (concluding that the government's interpretation of Section 404 was "contrary to the weight of persuasive authority, both within and outside the Sixth Circuit") (collecting cases); *United States v. Rose*, No. 03-CR-1501(VEC), 2019 WL 2314479, at *5 (S.D.N.Y. May 24, 2019) (concluding that the government's interpretation of Section 404 was "contrary to the clear weight of persuasive authority, both within and outside the Second Circuit" and noting that it found "not a modicum of support—whether in the text, the legislative history, or any precedent—for the Government's position on eligibility"); *United States v. Pierre*, 372 F. Supp. 3d 17, 22 (D.R.I. 2019) ("joining other courts that have weighed in on the issue, the Court concludes that Defendant's construction is more sensible"); *United States v. Booker*, No. 07 CR 843-7, 2019 WL 2544247, at *2 (N.D. Ill. June 20, 2019) ("To the court's knowledge, nearly every court to address the issue agrees with [the defendant]—eligibility for relief under the First Step Act is determined by the amount charged in the indictment, not the amount

---

[27] *Id.* The government also argues that an eligibility determination based on the amount charged would "create unwarranted sentencing disparities" between individuals sentenced before and after the Fair Sentencing Act was enacted. *Id.* However, "[w]hatever disparity that results is the remedy that Congress intended when it passed the First Step Act." *Rose*, 2019 WL 2314479, at *9.

admitted in the plea agreement or found at sentencing."); *United States v. Brown*, No. CR073541DSDFLN, 2019 WL 1895090, at *3 (D. Minn. Apr. 29, 2019) (finding that "eligibility under the First Step Act is determined by looking at the statute of conviction, not the defendant's conduct").

While a small number of courts in earlier decisions have adopted the government's interpretation with respect to eligibility determinations, those cases remain outliers. *See United States v. Blocker*, 378 F. Supp. 3d 1125 (N.D. Fla. 2019); *United States v. Haynes*, No. 8:08CR441, 2019 WL 1430125 (D. Neb. Mar. 29, 2019). The government acknowledges that "the district courts have not uniformly adopted [its] approach."[28]

The Court concludes that the determination of eligibility for a sentence reduction under Section 404 of the First Step Act should be based on the offense of conviction, rather than the quantity of drugs attributed to the defendant at sentencing. Accordingly, whether a defendant is serving a sentence for a "covered offense" rests on the drug quantity charged in the indictment and found by the jury.[29] This interpretation aligns with both a fair reading of the text of the First Step Act and the rule of lenity. *See Rose*, 2019 WL 2314479, at *4 (noting that the rule of lenity "is of particular concern here because of the potential unfairness of using offense conduct to exclude defendants from eligibility").

---

[28] R. Doc. No. 677, at 13.
[29] In cases involving a plea agreement, the relevant drug quantity would be the amount specified in the plea agreement.

To accept the government's argument that it would have charged and could have proven a higher drug quantity had the Fair Sentencing Act been enacted when Lutcher committed the offense would be to allow a high level of unsustainable speculation. As is evident in this case, the government opined that it would be able to prove at trial that the conspiracy involved both crack cocaine and cocaine powder, but the jury found Lutcher guilty of a conspiracy involving only the former and not the latter. Furthermore, it is unclear how the case against Lutcher would have proceeded had the government charged a much higher drug quantity. *See Pierre*, 373 F. Supp. 3d at 22 (rejecting the government's argument because it "effectively requires the Court to employ a prosecutor-friendly 'way-back machine' to conjure how the charge, plea, and sentencing would have looked had the Fair Sentencing Act of 2010 been in effect"); *United States v. Ancrum*, No. 5:02-CR-30020, 2019 WL 2110589, at *4 (W.D. Va. May 14, 2019) (declining to accept the government's argument that it would have charged 280 grams of cocaine base because it was "too speculative a basis on which the determine [the defendant's] eligibility for a sentence reduction"); *United States v. Dodd*, 372 F. Supp. 3d 795, 799 (S.D. Iowa 2019) ("Many things might have been different if this crime had been committed and charged years later or the Fair Sentencing Act had been passed years later, and the Court is unwilling to engage in a series of hypotheticals about what might have happened.").

The government also argues unpersuasively that the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*,

570 U.S. 99 (2013) do not apply to a sentence reduction under the First Step Act.[30] Again however, the weight of authority addressing this issue lies against the government's position.[31] *Apprendi* requires that any facts that increase the prescribed range of statutory penalties for a criminal defendant be submitted to a jury and proved beyond a reasonable doubt, 530 U.S. at 490, and *Alleyne* extended this requirement to facts that increase a mandatory minimum sentence. 570 U.S. at 103. The Fifth Circuit, applying *Apprendi*, has held that in order to seek enhanced penalties based on drug quantities under 21 U.S.C. § 841, the government must state the quantity in the indictment and submit it to the jury for a finding of proof beyond a reasonable doubt. *United States v. Doggett*, 230 F.3d 160, 164–65 (5th Cir. 2000).

Although at sentencing the Court found Lutcher responsible for at least 500 grams of crack cocaine, this finding was not submitted to the jury, much less proved beyond a reasonable doubt. Therefore, the Court finds that Lutcher's sentence under the Fair Sentencing Act should be determined based on the fifty grams of crack cocaine for which the jury found him guilty. Based on this determination, the Court concludes that Lutcher is eligible for a sentence reduction under the First Step Act

---

[30] *See* R. Doc. No. 677, at 9–12.

[31] *See Burke*, 2019 WL 2863403, at *3 (collecting cases); *United States v. Stone*, No. 1:96 CR 403, 2019 WL 2475750, at *2 (N.D. Ohio June 13, 2019) (noting that "many courts faced with the issue have applied the *Apprendi* rule in First Step Act resentencings"); *United States v. Allen*, No. 3:96-CR-00149-RNC-3, 2019 WL 1877072, at *4 (D. Conn. Apr. 26, 2019) ("Construing section 404 in the context provided by *Alleyne* and *Apprendi*, courts should reject a reading of the statute that would preclude eligibility for relief under the First Step Act due to a judicial finding of drug quantity many years ago.").

because the Fair Sentencing Act modified the statutory penalties for the offense for which he was convicted.

## III.

After reviewing all of the pertinent facts in this case and considering all of the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that an aggregate imprisonment term of time served and a supervised release period of ten years are sufficient and not longer than necessary to achieve the goals of sentencing for Lutcher. Lutcher, who is nearly sixty-four years old, has already served over sixteen years of his term of imprisonment without a single disciplinary report, and he has completed several educational courses and programs while incarcerated.[32] The amount of time he has already served in prison exceeds the currently applicable guideline range of 121 to 151 months. However, Lutcher's extensive criminal history prior to his arrest for the drug conspiracy, which the Court took into consideration when calculating the sentence range, does remain a concern. For that reason, his ten-year term of supervised release shall not be further reduced.

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART.** Lutcher's aggregate term of imprisonment is reduced to time served, but his term of supervised release remains at ten years.

---

[32] R. Doc. No. 679, at 19; R. Doc. No. 677, at 20 ("The government notes the apparent absence of prison misconduct by Lutcher while incarcerated on this charge as well as his completion of various courses.").

New Orleans, Louisiana, July 10, 2019.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE